12

**XIAO PING CHEN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–4408–ag.

United States Court of Appeals, Second Circuit.

March 19, 2008.

Melissa M. Desvarieux, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Michelle Gorden Latour, Assistant Director, Jessica E. Sherman, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Xiao Ping Chen, a native and citizen of the People's Republic of China, seeks review of a September 14, 2007 order of the BIA denying her motion to reopen her removal proceedings. *In re Xiao Ping Chen*, No. A73 163 103 (B.I.A. Sept. 14, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA denies a motion to reopen, we review the BIA's decision for an abuse of discretion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

F.3d 83, 93 (2d Cir.2001) (citations omitted).

As an initial matter, this Court lacks jurisdiction to consider Chen's argument that the BIA should have reopened her proceedings *sua sponte,* because such a decision is "entirely discretionary." *Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006). Moreover, Chen's brief to this Court has not challenged the BIA's finding that she failed to demonstrate due diligence in pursuing her ineffective assistance of counsel claim. Because issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal, we deem that argument abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

We conclude that the BIA did not abuse its discretion in denying Chen's motion to reopen where it properly found that Chen failed to establish changed circumstances to excuse the untimeliness of her motion. The Immigration and Nationality Act ("INA") provides that the ninety-day filing deadline for motions to reopen does not apply when the motion to reopen is for the purpose of applying for asylum or withholding of removal "based on changed country conditions arising in the country of nationality or in the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii). Chen argues that the BIA abused its discretion because it "failed to consider new evidence submitted by Mrs. Chen relating to her claim of past persecution." However, the only documents that Chen submitted with her second motion that were even arguably relevant to her claim were the "Affidavits" from her cousins asserting that they had been forcibly sterilized because they gave birth to two children. The BIA's decision explicitly addressed these documents and

found that they did not "establish a material change in circumstances in China with regard to the implementation and enforcement of the Chinese family planning policy against persons with two foreign-born children." Indeed, neither of the individuals who wrote the "Affidavits" asserted that she was sterilized on account of children born outside of China. Moreover, Chen does not indicate how these affidavits reflect a material change of conditions in China. Accordingly, the BIA did not abuse its discretion in finding that these documents did not warrant the reopening of proceedings.

Chen's brief to this Court refers to several documents that are not in the record, and asks that we take notice of the 2005 U.S. Department of State Country Report on Human Rights Practices for China. She argues that these documents support her claim that she will be forcibly sterilized if returned to China, and that the BIA abused its discretion in failing to address the record in its entirety. However, our review is generally limited only to the "administrative record on which the order of removal is based." *See* 8 U.S.C. § 1252(b)(4)(A). Moreover, we will not remand for the purpose of ordering the BIA to consider evidence that is not in the record. Accordingly, Chen's argument fails. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 269 (2d Cir.2007).

Chen argues that documents that she submitted entitled, "Chinese Communist Party Central Committee and the National Congress on the Decision to Intensify Planned–Birth Work and Strictly Control Population Growth," and "Fujian Province Planned Birth Regulations," support her claimed fear of sterilization. However, as the Government contends, these documents were not submitted with Chen's second motion, and they were issued in 1991, predating her merits hearing before the

IJ. Therefore, they cannot establish a material change of circumstances in China as required by 8 U.S.C. § 1229a(c)(7)(C)(ii).

Chen also relies on *Shou Yung Guo v. Gonzales*, 463 F.3d 109, 115 (2d Cir.2006), to argue that her case should be remanded based on the birth of her children in the United States. However, the Government correctly points out that the documents that warranted remand in *Shou Yung Guo* are not in the record here. Thus, remand is not appropriate. *See Xiao Xing Ni*, 494 F.3d at 269.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).